UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AMY LASHELL DAVIS, Plaintiff, v. MEDICREDIT, INC., Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:15-cv-00510<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, AMY LASHELL DAVIS ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC complaining of MEDICREDIT, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 et seq. ("IDCSA") for Defendant's unlawful collection practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA and the TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C. §227, 28 U.S.C. §§1331, 1337, as the action arises under the laws of the United States, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and all of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

## PARTIES

4. Plaintiff is a 46 year old natural person residing at 8934 King Road, Plymouth, Indiana, which is located within the Northern District of Indiana.

5. Plaintiff suffers from a variety of health problems including a recent heart attack.

6. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

7. Defendant is a third party debt collection agency with its headquarters located at 3620 Interstate 70 Drive SE, Suite C, Columbia, Missouri.  Defendant is in the business of collecting delinquent consumer medial debts of others, including debt allegedly owed by Plaintiff.  On its website, Defendant identifies itself as a debt collector.[1]

8. Defendant is licensed with the Indiana Secretary of State under control number 2005101200035 and is in the business of collecting consumer medical debts in multiple states, including Indiana.

9. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

10. Defendant has been a member of the Association of Credit and Collection Professionals since 1980.[2]

---

[1] http://medicreditcorp.com/
[2] http://www.acainternational.org/memberdirectory.aspx

**FACTS SUPPORTING CAUSES OF ACTION**

11. Over a year ago, Plaintiff began receiving phone calls to her cellular phone, (574) 540-1865. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

12. The majority of the phone calls came from (888) 444-1786. *See* attached Exhibit B is a true and correct copy of photos taken of Plaintiff's cellular phone.

13. Upon information and belief, (888) 444-1786 is a phone number utilized by Defendant in its collection activity.

14. Plaintiff has been informed by Defendant that it is attempting to collect on a medical debt ("subject consumer debt") that she owes.[3] *See* Exhibit A.

15. Plaintiff regularly receives at least two or three phone calls a week from Defendant.

16. On several occasions, Plaintiff has received multiple phone calls from Defendant during the same day. As an example, on October 28, 2015, Defendant placed two calls attempting to collect on the subject consumer debt to Plaintiff within 19 minutes of each other. *See* Exhibit B.

17. After a few months of receiving collection calls, Plaintiff spoke with Defendant and asked it to send her information regarding the subject consumer debt.

18. Despite representing that it would send information about the subject consumer debt, Plaintiff did not receive correspondence from Defendant. *See* Exhibit A.

19. On at least one occasion, Plaintiff spoke with Defendant and informed it to stop calling her cellular phone. *Id.*

20. Defendant has continued to call Plaintiff's cellular phone despite being advised to stop.

21. During most of the collection calls from Defendant, Plaintiff is greeted with a prerecorded message containing numerical prompts.

---

[3] Although Plaintiff is not certain about the exact medical debt that Defendant is collecting on, she believes the original obligation may have been owed to St. Joseph Hospital.

22. Frustrated over Defendant's continued attempts to collect on the subject consumer debt, Plaintiff spoke with the undersigned regarding her rights.

23. Plaintiff has grown increasingly overwhelmed and frustrated by Defendant's collection actions and her inability to pay the subject consumer debt.

24. Plaintiff's physical condition has been worsened by Defendant's collection actions.

25. Plaintiff has suffered financial loss as a direct result of Defendant's collection actions.

26. Plaintiff has incurred costs and expenses consulting with her attorneys as a result of Defendant's collection actions.

27. Plaintiff has been inconvenienced and harassed by Defendant's collection actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. The FDCPA states:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d and d(5)

30. Defendant violated 15 U.S.C. §§1692d, d(5), and f during its debt collection actions. On multiple occasions, Defendant caused Plaintiff's phone to ring repeatedly, many times placing calls within a short period of one another. Defendant intended by making repeated calls on the same day that Plaintiff would acquiesce to its harassment and make payment on the subject consumer debt.

31. The FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e and e(10)

32.  Defendant violated 15 U.S.C. §§1692e, e(10), and f during its debt collection actions. Plaintiff specifically asked to be provided and was advised by Defendant that it would receive further information regarding the subject consumer debt. By asking for this information, Plaintiff was attempting to ascertain the validity of Defendant's collection actions. Despite telling Plaintiff that it would provide her with further information, Defendant failed to follow through with its representations. By keeping Plaintiff in the dark regarding the subject consumer debt, Defendant intended to gain payment through an unfair practice. Up through the filing of this action, Plaintiff remains confused about the true origin of the subject consumer debt.

33.  Defendant's general conduct in its debt collection activity on the subject consumer debt was harassing and unfair. Plaintiff asked Defendant to stop its collection activity. However, this request only served to bolster Defendant's collection activity. Using the above described tactics during debt collection is the exact type of conduct that the FDCPA aims to protect against.

34.  As plead in paragraphs 23 through 27, Plaintiff was harmed by Defendant's illegal collection actions.

WHEREFORE, Plaintiff, AMY LASHELL DAVIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

    e.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

35. Plaintiff repeats and realleges paragraphs 1 through 34 as though fully set forth herein.

36. The TCPA prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS"). 47 U.S.C. §227(b)(1)(iii). The TCPA defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

37. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent.

38. Plaintiff being subjected to prerecorded message containing numerical prompts is instructive that Defendant used an ATDS during its collection calls.

39. Plaintiff never gave Defendant consent to automatically dial her cellular phone. Any consent that *may* (emphasis added) have been given by Plaintiff to any party associated with the subject consumer debt was revoked. Plaintiff requested that Defendant cease contacting heron her cellular phone.

40. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff, AMY LASHELL DAVIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

41. Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Defendant violated I.C. 24-5-0.5-3(a), (b)(19), and (20) by engaging in unfair, abusive, and deceptive practices in its attempts to collect on the subject consumer debt.

43. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations."
> I.C. 24-5-0.5-3(a)

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227. The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)."
> I.C. 24-5-0.5-3(b)(19) and (20)

44. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

7

45. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

46. Defendant's attempts to collect on the subject consumer debt are "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

47. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff.

48. Defendant intended that Plaintiff rely on its illegal behavior in order to procure payment on the subject consumer debt.

49. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact type of behavior committed by Defendant.

50. The IDCSA states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)."
> I.C. 24-5-0.5-4(a)(1)(2)

51. As pled in paragraphs 23 through 27 Plaintiff has suffered damages as a result of Defendant's unlawful transactions.

52. As such, Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, AMY LASHELL DAVIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a); and

d. Awarding any other relief as this Honorable Court deems just and appropriate

Dated: October 30, 2015                    Respectfully Submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
David S. Klain, Esq. #66305
Counsel for Plaintiff
Admitted in the Northern District of Indiana
Consumer Law Partners, LLC
435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)